## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| E.M-B., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-27-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| MERRICK GARLAND, *et al.*, | : | |
| | : | |
| Respondents. | : | |

_____

### RECOMMENDATION OF DISMISSAL

The Court received Petitioner's *pro se* application for habeas corpus relief under 28 U.S.C. § 2241 on January 21, 2025 (ECF No. 1). In his habeas application, Petitioner seeks release from Respondents' custody. Pet. 9, ECF No. 1. Respondents moved to dismiss on February 18, 2025, based on Petitioner's release from custody on bond (ECF No. 5). In support of the motion to dismiss, Respondents filed a copy of the I-830 Release Notification showing that Petitioner was released on bond on January 30, 2025. Mot. to Dismiss Ex. C, ECF No. 5-3. Because Petitioner has been released from Respondents' custody, Respondents now contend that Petitioner's pending habeas application is moot and should be dismissed as such. Mot. to Dismiss 1-3, ECF No. 5. The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to

give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336 (citation omitted).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from detention. Pet. 9. Respondents released Petitioner from their physical custody. Mot. to Dismiss Ex. C. Furthermore, Petitioner is not contesting the conditions of his bond such that this Court could maintain jurisdiction over his habeas petition. S*ee Alvarez v. Holder*, 454 F. App'x 769, 772 (11th Cir. 2011) *see also* Mot. to Dismiss 4 (certificate of service showing service of motion to dismiss on Petitioner at his address). Since the Court can no longer give Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336 (citation omitted).

Consequently, the Court **RECOMMENDS** that Respondent's motion to dismiss (ECF No. 4) be **GRANTED** and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** to his right to file a new § 2241 petition in the future if a change in his circumstances occurs.[1] Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make

---

[1] Respondents indicate that Petitioner is no longer detained at Stewart Detention Center. *See* Mot. to Dismiss 4, ECF No. 5. The Clerk is **DIRECTED** to forward a service copy of this Order to Petitioner at the address listed for Petitioner on the certificate of service accompanying Respondent's motion to dismiss. *Id.* Petitioner is likewise notified of his requirement to notify the Court in writing of any future address changes while this case remains pending.

a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 24th day of March, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE